LILES, Chief Judge.
Marilyn F. Glaum was divorced from Cyril S. Glaum in Sumter County, Florida, on January 12, 1968. Subsequent to the entry of the final decree, the defendant, Cyril S. Glaum, filed a motion to set it aside. This motion was heard by the trial judge, and was denied on April 2, 1968. Thereafter, defendant filed a motion for rehearing of the order denying the motion to set aside the final decree, and this motion for rehearing was denied October 14, 1968. This order is here for review on interlocutory appeal.
Plaintiff and defendant were residents of Dade County, Florida, but by way of mutual agreement the divorce was started and concluded in Sumter County, Florida.
Defendant attempted to have his decree set aside alleging fraud. He testified that during the time the divorce was pending and prior to the entry of the final decree the plaintiff and defendant were constantly in touch with each other and that they had cohabited as husband and wife prior to the entry of the final decree. He stated that they had reconciled after the filing of the complaint for divorce and that plaintiff had told him the suit had been dismissed.
At the hearing to set aside the final decree the plaintiff denied that she had ever cohabited with the defendant since the filing of the complaint. She testified that it was true that defendant had harrassed her and was constantly telephoning her begging her to see him, and that she did on several occasions due to these harassments allow him to take her to dinner. She stated that she even allowed him to live in her house for a short period of time prior to the entry of the final decree, but she categorically denied that there had been cohabitation between the parties. She also denied cohabiting with him at anytime within several months prior to filing for divorce, and insisted no reconciliation had been attained.
At the hearing on the motion to set aside the final decree, defendant testified that he had lived with her as husband and wife in motels on a trip to Las Vagas prior to the filing of suit, and in Orlando and in their home subsequent to its filing. This was the only testimony adduced at the hearing and, as is readily apparent, there was a conflict.
The trial judge being the trier of fact had to reconcile these conflicts and he did so in favor of the plaintiff. We can find nowhere that he abused his discretion, and, for that reason, we affirm.
MANN and McNULTY, JJ., concur.